# IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEVADA

**BRIAN RAMSEY**

    Plaintiff,

v.

**GODADDY.COM LLC**
    Defendant.

Case No. 24-cv-_____

## MEMORANDUM AND VERIFIED COMPLAINT FOR RESTORATIVE INJUNCTIVE RELIEF

Brian J. Ramsey
Attorney for Plaintiff
PO Box 13083
Las Vegas NV 89112
Telephone: (702) 506-8305
Fax (702) 942-4382
brianramseylaw@gmail.com

I.       INTRODUCTION

GoDaddy.com LLC provides web hosting and domain registration services. The Company offers email management, web development, website security, and other business solutions. GoDaddy.com serves an e-commerce, media, e-marketing, and entertainment industries.

Brian Ramsey is an immigration attorney practicing as Millennium Legal LLC in Las Vegas Nevada. Plaintiff is licensed in State, federal and immigration courts.

II.       FACTS

Plaintiff owns multiple websites and hosts them at GoDaddy.Com. All of these products are consolidated in Plaintiff's GoDaddy account, No. 5682586. Plaintiff's public website is programmed at "MLLLC.INFO," one such website. This public website was developed with tools also hosted by GoDaddy.Com. One of these tools indicated that the public website went off-line on August 31, 2024. (*See* Jetpack notification Sept. 1, 2024, attached as **Exhibit 1**.)

Thereafter, Plaintiff tried to login into his GoDaddy.Com account to investigate this problem. However, he is unable to login into his account because it requires user id, password, and *authenticator number*. Plaintiff could not provide the requested authenticator number. The GoDaddy authenticator application was lost when Plaintiff upgraded phones and lost the GoDaddy entry in his authenticator application, Plainfiff called GoDaddy and understood that his identity had to be verified before 2 step verification could be disabled.  Plaintiff filled out an account verification form and submitted a 1200 dpi  color copy of the front and back of his Nevada Driver's License on Sept 3. (*See* GoDaddy email acknowledgment, Sept. 4, 2024, attached as **Exhibit 2**.) Although this was the only document the form requested, 72 hours later Plaintiff received a request for a copy of his passport. (*See* GoDaddy email, Sept. 8, 2024,

attached as **Exhibit 3**.) On September 11, Plaintiff submitted a 1200 dpi color copy of the information and cover of his US Passport and a front and back copy of his Department of Homeland Security Global Entry card, which is only issued after fingerprint and facial recognition checks. (*See* Plaintff's email submission, Sept. 11, 2024, attached as **Exhibit 4**.) Again, 72 hours later, Plaintiff discovered that this was not enough, the Account Verification Team requested Plaintiff's selfie including his passport. (*See* GoDaddy email, Sept. 14, 2024, attached as **Exhibit 5**.) Such a color photograph was sent on September 14. (*See* Plaintff's email submission, Sept. 14, 2024, attached as **Exhibit 6**.) As of September 16, two step verification has not been disabled.

Unsatisfied with the technical support response, an email was sent to the GoDaddy.Com grievance email address. (*See* Plaintff's email submission, Sept. 14, 2024, attached as **Exhibit 7**.)

At almost exactly the same time, Plaintiff noticed that emails were not being received by Plaintiff or any of Plaintiff's employees. Plaintiff's last email record was the email send to the GoDaddy Grievance Department. (*See* brian@millenniumlegal.com email log, Sept. 16, 2024, attached as **Exhibit 8**.) Emails are addressed Millenniumlegal.com email address. At this site, mail communications are forwarded to the Google Gmail server, according to the "MX" information in the DNS record. Checking with Google, the Plaintiff's Admin dashboard indicated that the MX information needed to be re-entered. (*See* Google Workspace Admin dashboard, attached as **Exhibit 9**.) Checking further, it was discovered that the MX information had been completely deleted from millenniumlegal.com's DNS record. (*See* MX record, attached as **Exhibit 10**.) The DNS record can be *accessed only from within* Plaintiff's GoDaddy account. Since Plaintiff's account access has not been restored, the only entity with access to this

record was the GoDaddy.com technical support team.

When the MX record is missing, electronic communications to any email user at "millennium.com" are lost irrevocably. This includes login verification emails from the EOIR ECAS system, hearing Zoom details for Family Court hearings and communications from U.S. Citizenship and Immigration Services. Receipt of Millennium email messages will not resume until the DNS record is restored to its previous state.

All emails send to any millenniumlegal.com receipt after the morning of January 16, 2024, have been irrevocably lost. Further, the sender will never know why the email was never received, causing undermined harm to the Plaintiff's professional reputation and standing.

As of September 16, 2024 at 12:40 the GoDaddy Advance Technical team was aware of the problem and promised resolution within 3-6 hours. No further communications from GoDaddy.com has been received.

### III.   JURISDICTION

The Plaintiff is a citizen of the State of Nevada. The Defendant is a citizen of Tempe Arizona. Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, is satisfied.

GoDaddy.Com LLC is an internet service provider that is regulated by the Federal Communications Commission. Jurisdiction, pursuant to 28 U.S.C. § 1331, is satisfied.

Jurisdiction is proper.

### IV.   RELIEF REQUESTED

Plaintiff is requesting a Court order restoring Plaintiff's account access and a second order ordering GoDaddy.com to restore the DNS record.

### V.   ARGUMENT

Four factors govern temporary restraining orders and preliminary injunctions:

To warrant preliminary injunctive relief, the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. [*Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted) (preliminary injunction standards). *See also Apotex Inc. v. U.S. Food and Drug Admin.*, – F. Supp. 2d –, WL 2695006, at *3 (D.D.C. 2007) (applying same standards for temporary restraining order).]

"A district court must 'balance the strengths of the requesting party's arguments in each of the four required areas," and "[i]f the showing in one area is particularly strong, an injunction may issue even if the showings in other areas are rather weak." *England*, 454 F.3d at 297.[1]

### A. PLAINTIFF IS THE LEGAL AND RIGHTFUL OWNER OF THE ACCOUNT

It is undisputed that Plaintiff is the legal and rightful owner of his GoDaddy.Com account. Providing Plaintiff with the necessary login credentials for his account is a proper equitable remedy.

### B. NEAR TOTAL DISRUPTION OF PLAINTIFF'S BUSINESS – IRREPARABLE HARM

Plaintiff's immigration removal practice is almost exclusively motion practice with the Executive Office of Immigration Review ("EOIR"). Plaintiff's legal practice is exclusively immigration court removal cases. Motions must be filed with the Department of Justice EOIR Courts & Appeals System (ECAS) Case Portal. Access to the ECAS portal requires the ability to

---

[1] *England* cited a U.S. Supreme Court case for the proposition that "'[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."

receive emails at "brian@millenniumlegal.com". Accessing ECAS requires entry of the user id and password and then a request to generate an email to verify access[2]. Without email access, Plaintiff's immigration court motion practice is completely impossible.

Further, Immigration Court orders, notices of hearings, etc. are communicated to the registered attorney via electronic mail. In the current situation, Plaintiff has no awareness of court orders. For instance, three of Plaintiff's clients were granted political asylum under section 208 of the Immigration & Nationality Act. (8 USC 1158.) Typically, the Court would email the Immigration Judge Orders ("Order") to Plaintiff on September 16, 2024. One of these clients has a spouse and minor child that remain in his country of origin. These dependents are now statutorily entitled to apply for admission as derivative asylees, under section 208(b)(2). However, the required Form I-730 petition requires a copy of the Immigration Judge's order. The *email copy of this Order was irretrievable lost on September 16, 2024*. The Order can also be retrieved by logging into the ECAS system, but the lack of email verification also precludes this alternative. Defendant's actions, or lack of action, not only harms Plaintiff *but also harms private persons*. The damage to the Plaintiff's business may exceed $75,000.

Except for meetings with existing clients, Plaintiff's business is almost completely disrupted by the Defendant lack of actions. Without the requested relief, Plaintiff's immigration removal defense business will continue to be irreparability harmed.

### C. THERE IS NO APPARENT INJURY TO THE DEFENDANT

Providing Plaintiff with access to his user account within a reasonable period of time and

---

[2] "EOIR is transitioning to DOJ Login, a cloud-based identity management and authentication service. To facilitate this change, users must take action to confirm or correct their primary email address, which will serve as their DOJ Login ID," Executive Office for Immigration Review, accessed at https://portal.eoir.justice.gov/

a reasonable recovery process should be a "best business practice" of the Defendant. Restoring Plaintiff's DNS record is well within the technical expertise of the Defendant.

## VI.     CONCLUSION

The continued lack of action by Defendant to restore Plaintiff's account continues to cause significant damage to Plaintiff's business operations. All the required elements for a temporary restraining order and a preliminary injunctive relief are met. This Court should expeditiously grant the requested injunctive relief.

Respectfully submitted,

/s/ Brian J. Ramsey

Brian J. Ramsey, Esq.
Attorney for Plaintiff
PO Box 13083
Las Vegas NV 89119
brianramseylaw@gmail.com

## **VERIFICATION**

I, Brian Ramsey, am aware of the contents of this Complaint and the best of my knowledge the information is true and correct.

*/s/ Brian Ramsey*
_____
Brian J. Ramsey